ERICK L. GUZMAN, ESQ.
Cal Bar. No. 244391
111 Santa Rosa Ave.
Ste 222
Santa Rosa California 95404
T: 707.595.4474; F: 707.540.6298
E: elg@gumzmanlaw.org

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FERNANDO ROMERO-BONILLA,<br><br>　　　　Defendant. | CASE NO. CR-19-0280-3-SI<br><br>DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO REVOKE BOND |

**I**

**BACKGROUND**

On December 24, 2020, Magistrate Judge Beeler held a continued detention hearing. At this hearing, Mr. Romero-Bonilla's proffered surety and custodian agreed to serve in those respective capacities on the condition that A) Mr. Romero-Bonilla reside with his sister (the custodian) in Stockton, California, and B) that both the custodian and surety have the ability to cease those roles if concerns developed regarding Mr. Romero-Bonilla's compliance.

At the conclusion of that hearing, Magistrate Judge Beeler ordered Mr. Romero-Bonilla's release subject to strict conditions, including GPS monitoring and home-detention.

The Government received a stay of release, and signaled its intention to appeal the order of

release.  Late on December 24, 2020, the Government filed its pleading in support of its appeal of Judge Beeler's release order.

This memorandum in response follows.

## II

## RESPONSE TO GOVERNMENT'S MOTION TO REVOKE BAIL

**A.     The *in absentia* order.**

Throughout this bail litigation, the Government has repeatedly stated that Mr. Romero-Bonilla missed his immigration court date, and he was ordered removed from the United States *in absentia*, and argued that this constituted non-compliance with bail conditions by Mr. Romero-Bonilla.  However, the Government has been provided with uncontroverted, reliable information[1] regarding what actually happened in that situation.  Namely, that Mr. Romero-Bonilla did not receive proper notice for that hearing (which occurred in Texas, while he was residing in California), and an immigration judge later found good cause to vacate that removal order due to a lack of notice, granted a motion to re-open proceedings, and further granted a motion to transfer venue to San Francisco.

Relatedly, Mr. Romero-Bonilla has also provided signed statements from his immigration attorney and social worker establish that after the *in absentia* order was vacated, he not only made every immigration court appearance, but also attended every interview or office appointment that was scheduled.

////

---

[1]     For example, the Government was served with an order by an immigration judge where he discussed these very facts.

[2]     It is the understanding of undersigned counsel that the initial officers were wearing windbreakers with the word 'Police' on the back.  This is based on communication with Mr.

////

### B.   The Alleged September, 2019 Incident

At page 5 of their December 24, 2020 pleading, the Government claims that Mr. Romero-Bonilla attempted to flea law enforcement.  Mr. Romero-Bonilla's conduct during the above event does not constitute 'fleeing' from law-enforcement, at least not to the extent that conditions of release should not be set.  First, the initial set of officers arrived in an unmarked vehicle, and were not wearing full police uniforms.[2]  An investigator employed by the San Francisco Public Defender's office, Mr. Romero-Bonilla rain only one hundred feet before realizing it was law enforcement, at which point he ceased running.

### C.   The Claim that Mr. Romero-Bonilla is a 'Long-Standing' Member of MS-13

The Government claims that Mr. Romero-Bonilla is a "long-standing member" of MS-13 "since at least 2017." Gov't. Memo at 2, ln 1-2.  Notably, the Government does not support this claim with any citation.  Further, undersigned counsel is unaware of any evidence that establishes that Mr. Romero was a "member" of MS-13 in 2017.  Also, it is not clear that "since 2017" would constitute long-standing.

Relatedly, the Government has claimed Mr. Romero-Bonilla's 2017 declaration in which he denied membership in MS-13 is false, because they have evidence that establishes (in their view) that he is a member of MS-13 in 2019 (*i.e.*, recent cell-phone pictures, *etc*.).  However, it is sequentially possible that Mr. Romero-Bonilla was not a member in 2017, and later became one.  Further, many of the claims made by the government—*e.g.* that Mr. Romero-Bonilla is a member

---

[2]   It is the understanding of undersigned counsel that the initial officers were wearing windbreakers with the word 'Police' on the back.  This is based on communication with Mr. Romero-Bonilla's immigration attorney and investigator.

of MS-13; the meaning of certain tattoos; what certain hand-signals indicate—are not substantiated by any expert-witness testimony or declaration.

## III
## CONCLUSION

For the reasons stated above, Mr. Bonilla respectfully requests this Court to reinstate the order releasing Mr. Romero-Bonilla.

DATED:  December 27, 2020              Respectfully submitted,


                                       By _____
                                          Erick L. Guzman
                                          Attorney for Defendant